```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT FRANKFORT
```

MICHELLE P., et al.,         )
                             )
    Plaintiffs,              )   Civil Action No. 3:02-23-JMH
                             )
v.                           )
                             )
MARK BIRDWHISTELL, et al.,   )
                             )   **MEMORANDUM OPINION AND ORDER**
    Defendants.              )
                             )

          \*\*    \*\*    \*\*    \*\*    \*\*

    On December 14, 2007, Plaintiffs moved to enforce paragraph II.C.g. of the Settlement Agreement that was approved by Order of this Court on March 29, 2006 [Record No. 100]. Defendants filed not only a response to the motion [Record No. 101] on January 4, 2008, but also a supplemental response (with leave of Court) on January 22, 2008 [Record No. 103]. Plaintiffs filed a reply or "Memorandum in Response to Defendant's Supplemental Response to Motion to Enforce Agreement" [Record No. 104]. The parties mediated the dispute presented in Plaintiff's Motion before Magistrate Judge J. Gregory Wehrman who, in turn, referred the matter to the undersigned as the parties had been unable to resolve their dispute.

    During a telephonic hearing on February 25, 2008, Magistrate Judge Wehrman gave Plaintiff the opportunity to file a further response by March 10, 2008 [Record No. 106]. This Court, however, saw fit to set the matter for status conference on February 26, 2008 [Record No. 107], which was held at the appointed time [Record

No. 108]. Since that time, Defendants have filed a supplemental response [Record No. 109], effectively arguing that Plaintiffs have failed to set forth adequate legal grounds upon which the relief sought can be obtained. Defendants argue that the Settlement Agreement is, effectively, unenforceable as requested by Plaintiffs – with the implementation of the Michelle P. Waiver – and is, in the alternative, altogether null and void.

In this instance, the Court disagrees. The parties first **agreed** to a resolution of this matter nearly two years ago, further reaching a compromise on how that would be accomplished last fall with the Michelle P. Waiver – more than a year after July 1, 2006, the date on which they were to have implemented the Settlement Agreement's terms. The Commonwealth promised this Court it would implement the Settlement Agreement. The Commonwealth has conceded that it then promised Plaintiffs that it would implement the Michelle P. Waiver as part of its efforts to implement the Settlement Agreement, including II.C.g. thereof.

It is this Court's opinion that the Commonwealth of Kentucky should keep its promises, and it shall be ordered to do so.[1] The

---

[1] Further, the Commonwealth agreed that this Court would serve as its watchdog, that it would retain jurisdiction to enter orders to enforce the Settlement Agreement. Even so, Defendants need no reminding that Plaintiffs or, indeed, this Court could have initiated contempt proceedings against the Commonwealth. Defendants have, in fact, reminded this Court of that fact at each and every turn. To date, neither Plaintiffs nor this Court have seen fit to pursue contempt against the Commonwealth, but the

Michelle P. Waiver was negotiated so that the Commonwealth could meet its obligations under the Settlement Agreement, and the Commonwealth is estopped from asserting otherwise. Pointedly, the Commonwealth should do what the Commonwealth has agreed to do for its citizens, including the class certified in this matter.

Being sufficiently advised, the Court makes the following findings and conclusions and enters an order in conformity therewith:

## FINDINGS AND CONCLUSIONS

1. This Court's Agreed Order Dismissing as Settled entered on April 7, 2006, incorporates the Settlement Agreement and orders the parties to abide by the terms set forth therein.

2. In the Agreed Order, pursuant to paragraph III of the Settlement Agreement, the Court retained jurisdiction to assure the parties' compliance with the terms of the Settlement Agreement.

3. The Parties also agreed that the Court "may enter additional orders to effectuate the fair and orderly administration of the settlement as may from time to time be appropriate."

4. Pursuant to paragraph III.C. of the Settlement Agreement, the Plaintiffs notified Magistrate Judge J. Gregory Wehrman of a dispute involving the implementation of paragraph II.C.g. Plaintiffs filed a Motion to Enforce Agreement to which Defendants responded. The Magistrate conducted several telephonic conferences

---

Court's patience is wearing thin.

and an in-person mediation session attended by named Plaintiffs and Defendants, including the Commissioner of Medicaid Services of the Commonwealth of Kentucky. The parties did not resolve the matter. The Magistrate Judge informed the parties in person on February 15, 2008, of his decision that the matter should be sent to the undersigned.

5. The court has jurisdiction to enforce the Settlement Agreement in this case on the motion before it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Re/Max Int'l v. Realty One, Inc.*, 271 F.3d 633 (6th Cir. 2001).

6. During argument on Plaintiff's Motion before this Court, the parties agreed that Defendants had submitted and that the federal Center for Medicare and Medicaid Services (hereinafter, "CMS") subsequently approved the "Michelle P. Waiver" on August 29, 2007. The Michelle P. Waiver, by agreement of the parties reached in the spring and summer of 2007, implemented paragraph II.C.g. of the Agreement. Defendants now claim that they were in error in their computation of costs associated with the waiver and they cannot afford to perform accordingly.

7. Paragraph II.C.g. required Defendants to "create a less intensive level of care based on individual needs comparable to the current home- and community-based waiver program" by July 1, 2006. The Michelle P. Waiver, as submitted to and approved by CMS, was the product of negotiation by the parties. The parties freely

agreed to this waiver and expressed their understanding of the Defendants' obligation under Paragraph II.C.g. of the Settlement Agreement. The Court decides the issue before it today as both the terms of the Settlement Agreement and the terms of the subsequent agreement between the parties, memorialized in the Michelle P. Waiver, are clearly established. The dispute centers not on the factual existence of those terms, but on the legal significance of those terms. *Re/Max*, 271 F.3d at 646.

8. Defense counsel stated that Defendants could not roll out the Michelle P. Waiver now because they made a mistake in calculating the costs of the Waiver which was designed to "create a less intensive level of care based on individual needs comparable to the current home- and community-based waiver program," as required by Paragraph II.C.g. of the Settlement Agreement. Defendants' performance cannot be excused for that reason. The Court concludes that Defendants cannot be excused from performance of an obligation based on financial reasons, where they knowingly entered into the obligation after lengthy negotiation in which they were represented by counsel.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' Motion [Record No. 100] shall be, and the same hereby is, **GRANTED**;

(2) that Defendants shall **IMPLEMENT** the Michelle P. Waiver as it was approved on August 29, 2007, by the Center for Medicare and

Medicaid Services; and

    (3) that the Michelle P. Waiver shall be implemented no later than **March 7, 2008.**

    This the 4th day of March, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge